UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLOBAL TECHNOLOGY, INC.,

          Plaintiff,

                                         Case No.: 19-cv-10934
v.                                     Honorable Gershwin A. Drain

NINGBO SWELL INDUSTRY,
CO., LTD.,

          Defendants.
_____/

**OPINION AND ORDER VACATING REPORT AND
RECOMMENDATION [#39], DENYING MOTION TO DISMISS
WITHOUT PREJUDICE [#34], GRANTING IN PART AND DENYING IN
PART MOTION TO MODIFY THE SCHEDULING ORDER [#55],
REQUIRING PLAINTIFF TO AMEND THE COMPLAINT AND SETTING
STATUS CONFERENCE FOR OCTOBER 19, 2020 AT 2:00 P.M.**

## I.    INTRODUCTION

Plaintiff Global Technology, Inc. ("Global") filed the instant action claiming

Defendant Ningbo Swell Industry, Co., Ltd. ("Ningbo Swell") owes Plaintiff post-

termination, "life of the product" commissions under a Sales Representative

Agreement ("SRA") executed by the parties on December 12, 2003.  Presently

before the Court is Magistrate Judge David R. Grand's June 23, 2020 Report and

Recommendation recommending that the Court deny the Defendant's Motion to

Dismiss the Complaint.  Because the Magistrate Judge lacked the authority to issue

the Report and Recommendation, the Court will vacate the Report and Recommendation and will consider Defendant's Motion to Dismiss *de novo*. Also, before the Court is the Defendant's Motion to Modify the Scheduling Order, filed on August 28, 2020.

These matters are fully briefed, and upon review of the parties' briefing, the Court concludes oral argument will not aid in the disposition of these matters. Accordingly, the Court will resolve the Defendant's motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will deny Defendant's Motion to Dismiss without prejudice and will grant in part and deny in part Defendant's Motion to Modify the Scheduling Order. The Court will also require Plaintiff to file an amended complaint.

## II.    FACTUAL BACKGROUND

Pursuant to the SRA,[1] Plaintiff served as Defendant's sales representative by soliciting and procuring business for the sale of Defendant's automotive trimming products, such as emblems and nameplates, and decorative vehicle appliques. ECF No. 1, PageID.2-3. In December of 2011, Defendant notified Plaintiff that it would not renew the SRA for another term, and the SRA terminated on December 13, 2011. *Id.*, PageID.3.

---

[1] The SRA was amended several times, however this is irrelevant to any of the issues raised in Defendant's Motion to Dismiss.

Under paragraph 3.1 of the SRA, Defendant agreed to pay commissions of 5% "on any and all shipments of products to customers within" Plaintiff's territory "during the term of this agreement." *Id.,* PageID.16. Paragraph 3.2 of the SRA provides that commissions shall be paid within 90 calendar days of the invoice date. In the event the SRA was terminated, paragraph 4.2 provides that:

> [c]ommissions shall be paid to Agent, as provided under Paragraph 3 hereof, on all invoiced shipments of products, where such Products were either produced for the customer prior to the effective date of termination or expiration of this Agreement or where the business regarding such Products was procured prior to the effective date of termination or expiration of this Agreement. Commission shall be paid for the life of the Products. The term "life of the Products" means for as long as the Product is being sold by Principal to the customer regardless of the customer's usage of that product within or outside of a given platform or model vehicle family. This provision shall apply to all shipments of such Products by Principal pursuant to the original purchase order thereof or any amendment thereto or any subsequent order, reorder or continuation thereof. A Product shall be considered as being the same Product regardless of a change of part number or a change in manufacturing methods or product dimensions if the end use is functionally the same.

*Id.*, PageID.18. Finally, business is considered "procured prior to the effective date of termination" under paragraph 4.3 "if a Customer's request for quotation or Principal's quotation is issued prior to the effective date of termination or expiration" of the SRA and a purchase order or other similar agreement is made by the Customer "prior to or within one (1) year after the effective date of termination or expiration of this Agreement." *Id*. The Complaint alleges invoiced shipments

of disputed and undisputed Products remain subject to commissions. *Id.,* PageID.5, 8.

## III.   LAW & ANALYSIS

### A.   Magistrate Judge's Authority to Issue the Report & Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may exercise certain duties only if a district judge designates or refers the matter to the magistrate judge to conduct those duties.

> [M]agistrate judges can only obtain authority if granted that authority by district courts.  A magistrate judge may not seek out work or expand his or her role beyond that assigned by the district judge. Thus, the starting point in any analysis of an action by a magistrate judge is the scope of the specific referral to that magistrate judge by the district court.

12 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc., § 3608 (2d ed. 1997).  Here, the Court never issued an order of reference to the magistrate judge concerning Defendant's Motion to Dismiss.

Because there was no referral, the magistrate judge lacked authority to issue the Report and Recommendation and it will be vacated. *United States v. Erwin*, 155 F.3d 818, 825 (6th Cir. 1998) (affirming that transfer order went beyond magistrate judge's authority and was void because the magistrate judge entered the order "without a specific reference as required by" the court's local rules); *see also Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152-53 (D.N.J. 1990) ("The

4

Magistrate was not empowered to hear the matter without being so designated by a District Judge[,]" thus, "no effect can be given his Order.").

### B.   Defendant's Motion to Dismiss

#### 1.   Standard of Review

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard as a motion brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Grindstaff v. Green*, 133 F. 3d 416, 421 (6th Cir. 1998). Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citations and quotations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001).  Documents attached to a

defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### 2.    Defendant's Arguments

Defendant argues Plaintiff's Complaint must be dismissed because it raises claims that are time barred by the applicable 6-year statute of limitations, and the Complaint fails to state a claim for breach of contract. "A party claiming a breach of contract must establish by a preponderance of the evidence (1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach." *Miller-Davis Co. v. Ahrens Constr., Inc.*, 296 Mich. App. 56, 71, 817 N.W.2d 609, 619 (2012) (emphasis added).

Defendant argues Plaintiff has failed to plead the existence of a contract because the allegations confirm that the SRA has been terminated since December of 2011.  Defendant relies on this Court's decision in *E3A v. Bank of Am., N.A.*, No. 13-cv-10277, 2013 U.S. Dist. LEXIS 52125 (E.D. Mich. Apr. 11, 2013), however, *E3A* involved a real estate contract, and did not involve a post-termination, "life of the products" commissions provision as the SRA does in this action. Defendant's reliance on *DiPonio Constr. Co. v. Neal A. Newbie, Inc.*, 494 Mich. 543; 837 N.W.2d 244 (2013) is also misplaced because that case likewise did not involve a post-termination, "life of the product" provision.

Here, Plaintiff's breach of contract claim is based upon Defendant's purported breach of paragraphs 4.2 and 4.3 of the SRA by refusing to pay for invoiced shipments of certain disputed and undisputed products for the "life of the product[s,]" subsequent to termination of the SRA.   Defendant's nonsensical argument that the 2011 contract termination bars Plaintiff's claims is without merit. This case involves post termination, "life of the products" commission provisions, which only become available in "the event of termination or expiration of this Agreement."

Defendant further complains that the plain language of the SRA's paragraph 3.1 demonstrates the parties intended to limit commissions to shipments occurring "during the term of [the] Agreement."   However, Defendant ignores the plain language set forth in paragraph 4.2 which requires payment of "life of the product" commissions on certain products upon termination of the agreement.   When interpreting a contract to determine the intent of the parties, the Court must "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory."   *Klapp v. United Ins. Grp. Agency*, *Inc.,* 468 Mich. 459, 467; 663 N.W.2d 447 (2003).

Accepting Defendant's argument would require the Court to ignore paragraph 4.2 of the SRA. Paragraph 4.2 states that "[i]n the event of termination or expiration of this Agreement, . . . commissions shall be paid to Agent . . . where

such products were either produced for the customer prior to the effective date of termination . . or where the business regarding such products was procured prior to the effective date of termination or expiration of this Agreement."  Paragraph 4.2 further states that "[c]ommissions shall be paid for the life of the Products" which means "for as long as the Product is being sold by Principal to the customer."  This "life of the products" provision "shall apply to all shipments of such products by Principal pursuant to the original purchase order thereof or any amendment thereto or any subsequent order, reorder, or continuation thereof."   Ningbo Swell's interpretation ignores the express "life of the products" provision that is implicated upon "the event of termination or expiration of this Agreement."   Defendant's suggestion that construing the SRA to require post-termination commissions would render "during the term of this agreement" in paragraph 3.1 meaningless is without merit. Similarly, adopting Ningbo Swell's interpretation would render paragraph 4.2's termination and "life of the products" provisions meaningless.

While the Court rejects Defendant's suggestion that the Court ignore express provisions in the SRA, the law requires that Defendant be given adequate notice of Plaintiff's claims, which occurs when the Complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  Plaintiff's Complaint "tenders naked assertion[s] devoid of further factual enhancement." *Id*.   The Complaint alleges merely that "invoiced

shipments of [Disputed and Undisputed] Products remain subject to commissions," without detailing when and what products were shipped or the amount of the outstanding commission payments. ECF No. 1, PageID.5, 8.  In order for Plaintiff to give Defendant "fair notice of what the [breach of contract] claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, the Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Plaintiff attempts to rectify the deficiencies with respect to the Complaint by relying on exhibits that it attaches to its Response to the Defendant's Motion to Dismiss.  However, these exhibits were not referenced in the Complaint nor attached thereto.  Therefore, Plaintiff cannot defeat a Rule 12(c) motion for judgment on the pleadings by relying on these exhibits.  *Amini*, 259 F. 3d at 502.

For instance, Plaintiff's Response to the Motion to Dismiss relies on a January 10, 2012 letter drafted by Defendant's attorney. In the letter, Ningbo Swell's attorney indicates, relative to the parties' post-termination obligations, that "commissions will be paid pursuant to paragraph 3 of the SRA on all invoiced shipments of products, where such products were either produced for the customer prior to the termination of the SRA or where the business regarding such products was obtained prior to the termination of the SRA."  *Id*. at PageID.460.  Counsel further advised that, "[t]hese commissions are to be paid for the 'life of the

product' as defined in the SRA.  It is understood that 'life of the product' may exceed more than one year." *Id*., PageID.460-61.  Included with the January 10, 2012 letter is a list of 137 products that the parties agreed were subject to post-termination commissions. *Id*., PageID.463-65.

Additionally, in the Response to the Motion to Dismiss, Plaintiff includes an affidavit from Paula Cicilian, Manager of Global's Accounting Department, who states that "[f]ollowing the termination of the SRA through the present, Ningbo has paid Global over $675,000.00 in commission for Products that Ningbo has shipped to North America." *Id*., PageID.470. Ms. Cicilian also states that Global is currently owed $50,000.00 in commissions on shipments of Products the parties agreed were subject to the post termination "life of the product" provision in paragraph 4.2.  *Id*.  Ms. Cicilian further advises that Global is owed more than $900,000.00 on Products the parties refer to as "disputed products," or products the parties have not agreed are part of Ningbo Swell's post termination, "life of the product" commissions obligations. *Id.*   Finally, Ms. Cicilian states that Ningbo Swell's breach of the post termination, "life of the product" provision in paragraph 4.2 first occurred in June of 2013. *Id.*

Even though Plaintiff's Complaint should have included factual detail as to the specific breaches of the post termination, "life of the product" provision, when they occurred and the commission amounts due, the Court will permit Plaintiff an

11

opportunity to amend the Complaint to rectify the problems discussed herein. *See United States Ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 644 (6th Cir. 2003)("[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). Plaintiff's amendment can provide Defendant "fair notice" of the grounds upon which Plaintiff's breach of contract claim rests by specifying the post-termination "life of the products" commissions breaches, when these breaches occurred and the amount of the unpaid commissions.

The Court also finds that any breaches of the post-termination, "life of the products" provision that occurred from March 29, 2013 forward survive a statute of limitations challenge because these breaches occurred within six years of the filing of the Complaint. *Id., Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, P.C. v. Bakshi*, 483 Mich. 345; 771 N.W.2d 411, 417 (Mich. 2009) (concluding that Michigan's six-year statute of limitation for breach of contract claims begins to run "on the date that the breach occurs."); *H.J. Tucker & Assoc. v. Allied Chucker & Eng'g Co.*, 234 Mich. App. 550; 595 N.W.2d 176, 183 (Mich. Ct. App. 1999) (post termination commissions payment claims "are analogous to claims for payments under an installment contract" and "accrue as each payment becomes due."). Defendant's argument that Plaintiff's claims are barred by the statute of limitations

because the SRA was terminated in 2011 is without merit.

Finally, the Court rejects Defendant's unconscionable argument.  The Sixth Circuit Court of Appeals has enforced post termination, "life of the product" contractual provisions in the automotive industry. *See Kingsley Assoc. v. Moll Plasticrafters*, 65 F.3d 498, 502 n.5 (6th Cir. 1995); *Terry Barr Sales Agency v. All-Lock Co*., 96 F.3d 174, 176 (6th Cir. 1996).   Defendant has failed to demonstrate that the SRA's post termination, "life of the products" commissions provision is procedurally or substantively unreasonable.

For all of these reasons, the Court will deny Defendant's Motion to Dismiss without prejudice and will require Plaintiff to amend the Complaint.

### C.    Motion to Modify Scheduling Order

On June 10, 2020, this Court entered an Order granting Defendant's Motion to Adjourn the Scheduling Order. Now before the Court is Defendant's August 28, 2020 Motion to Modify the Scheduling Order wherein Defendant asks that the Court extend all of the dates in the Court's June 10, 2020 Order by 8 months.  In the alternative, Defendant requests that the Court conduct a status conference. Here, the Court concludes that Defendant has established good cause in part for modification of the scheduling order in this matter. The Court will therefore extend the dates set forth in the June 10, 2020 Order by a period of approximately six

months.[2] Accordingly, the following dates shall govern this matter:

| | |
|---|---|
| Plaintiff's Amended Complaint due: | October 2, 2020 |
| Defendant's Answer or Responsive Pleading to Amended Complaint due: | October 13, 2020 |
| Status Conference: | October 19, 2020 at 2:00 p.m. |
| Discovery Cutoff: | April 26, 2021 |
| Dispositive Motion Cutoff: | June 7, 2021 |
| Settlement Conference with Magistrate Judge David R. Grand: | September of 2021 |
| Motions *in Limine* due: | September 7, 2021 |
| Final Pretrial Order due: | September 28, 2021 |
| Final Pretrial Conference: | October 5, 2021 at 2:00 p.m. |
| Jury Trial: | October 19, 2021 at 9:00 a.m. |

## IV.   CONCLUSION

Accordingly, Magistrate Judge David R. Grand's June 23, 2020 Report and Recommendation [#39] is VACATED.

Defendant's Motion to Dismiss [#34] is DENIED WITHOUT PREJUDICE.

Defendant's Motion to Modify the Scheduling Order [#55] is GRANTED IN

---

[2] The policies and procedures set forth in ECF No. 9 continue to apply to these proceedings. Additionally, the Court requires strict compliance with Local Rule 5.1(a)(3). Therefore, any future filings that fail to comply with the font requirements described in the rule will be immediately stricken.

PART and DENIED IN PART.  **The parties are advised that there will be no further extensions to the scheduling order dates.**

Plaintiff shall file an Amended Complaint <u>no later than October 2, 2020</u>.

Defendant shall file an Answer or Responsive Pleading <u>no later than October 13, 2020</u>.

The Court will conduct a Status Conference via videoconference <u>on October 19, 2020 at 2:00 p.m.</u>

SO ORDERED.

Dated:  September 24, 2020                         /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 24, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager