UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLOBAL TECHNOLOGY, INC.,

    Plaintiff,

v.

NINGBO SWELL INDUSTRY CO., LTD.,

    Defendant.
                                    /

Case No. 19-cv-10934

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#97], GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR ATTORNEY'S FEES AND COSTS [#93] AND APPOINTING SPECIAL DISCOVERY MASTER PURSUANT TO FED. R. CIV. P. 53(a)(1)(C)</u>**

## I. INTRODUCTION

On April 27, 2021, this Court issued an Order Granting in Part and Holding in Abeyance in Part Plaintiff Global Technology Inc.'s (Global) Motion to Compel Discovery, Granting in Part and Denying in Part Defendant Ningbo Swell Industry Co. Ltd.'s (Swell) Motion to Quash Subpoenas and/or for Protective Order, Extending Discovery for 45 Days, Requiring Certain Depositions within 30 Days, and Requiring Briefing on the Appointment of a Special Discovery Master. ECF No. 92.

Now before the Court is Global's Motion for Reconsideration, filed on May 11, 2021. The Court ordered Swell to respond to Global's Motion, and Swell filed

its Response on May 26, 2021, and Global filed its Reply on May 27, 2021. Also, before the Court is Swell's Motion to Compel Production of Documents and for Attorney's Fees and Costs, filed on May 5, 2021. Global filed a Response to Swell's Motion to Compel and for Attorney's Fees on May 13, 2021. Swell filed its Reply on May 18, 2021. Additionally, both parties have filed their supplemental briefs concerning the appointment of a special discovery master for this action. A hearing on the pending motions was held on June 4, 2021.

For the reasons that follow, the Court will deny Global's Motion for Reconsideration and grant Swell's Motion to Compel Production of Documents and for Attorney's Fees and Costs. Additionally, the Court concludes a Special Discovery Master should be appointed to resolve the parties' remaining discovery disputes and any additional disputes that may arise in the future.

**II. LAW & ANALYSIS**

  A.  **Defendant's Motion to Compel and for Attorney's Fees and Costs**

In its Motion to Compel, Swell argues Global has only produced roughly 177 documents in response to Swell's Five Requests for Production (RFP). However, in the Reply, Swell indicates Global made a recent production on May 17, 2021, and argues this production contains documents Magistrate Judge David R. Grand ordered Global to produce by March 17, 2021, after a lengthy hearing on February 22, 2021 concerning Swell's first Motion to Compel. *See* ECF Nos. 85,

87. Swell seeks its attorney fees and costs incurred as a result of Global's failure to produce documents and noncompliance with Magistrate Judge Grand's order. Swell also seeks attorney fees and costs incurred as a result of Global's failure to produce a (1) Rule 30(b)(6) witness, (2) its President, Dale Hadel, and (3) Account Representative, Paula Cicilian, for properly noticed depositions.

Finally, Swell argues the Court should find Global is not entitled to any post-termination commissions on "disputed products" because Global has failed to provide any documents to support its claim to post-termination commissions on "disputed products." Swell relies on Rule 37(b)(2)(A)(v), which empowers the Court to dismiss an action in whole, or in part, when a party fails to comply with the Federal Rules of Civil Procedure and Court orders. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

### 1. **Swell's Fifth RFP, Nos. 2 through 7**

Swell's Fifth RFP, No. 2 relates to Swell's Fourth RFP, Nos. 8-9. All of these requests seek documents relating to Global's procurement of business for Swell. Specifically, Swell's Fifth RFP, No. 2 seeks:

> All documents and communications related to any program procured by or through Plaintiff during the term of the Sales Representative Agreement, including any request for quotation, quotation, or purchase order.

ECF 93-2, PageID.2085. Global objected to this request based on relevance, proportionality, annoyance, and harassment grounds. Additionally, Global noted

"the Products known to be produced for the customer prior to the effective date of termination are identified in the list provided by James Cameron of Dykema Gosset."

Next, Swell's Fifth RFP, No. 6, like Swell's Fourth RFP, No. 3, seeks all documents and communications relating to "Global's entitlement to post-termination commissions." Global again objected to this request using the same relevance, proportionality, annoyance, and harassment language. Global also claimed to have already produced responsive documents to parts (a) and (b) of the request, and noted the documents falling under parts (c) and (d) were in the possession of the Defendants.

Finally, NSI's Fifth RFP Nos. 3-5 and 7, like NSI's Fourth RFP Nos. 6 and 7, seek the supporting documents on which Global bases its invoices and spreadsheets. Global's responses to NSI's Fifth RFP Nos. 3-5 and 7 likewise include objections based on relevance, proportionality, annoyance and undue burden without stating whether Global has responsive documents to the requests.

Here, Magistrate Judge Grand ordered Global to produce the same documents at issue in Global's present Motion to Compel in his February 24, 2021 order granting Swell's first Motion to Compel. Global's responses to Swell's Fifth RFP, Nos. 2-7 are deficient and fail to comply with Magistrate Judge Grand's February 24, 2021 order because they do not state whether Global has any

responsive documents in its possession. ECF No. 87, PageID.1961 Global's responses also raise the same relevance objection already rejected by Magistrate Judge Grand at the February 22, 2021 hearing and in his February 24, 2021 order. *Id*. Therefore, Global's responses to Swell's Fifth RFP, Nos. 2-7 must be supplemented consistent with Magistrate Judge Grand's February 24, 2021 order and the instant order.

Additionally, Swell is entitled to its reasonable attorney's fees and costs incurred as a result of preparing the present Motion to Compel, the Reply and for oral argument taken on June 4, 2021. When a party fails to comply with a court's order compelling discovery, Fed. R. Civ. P. 37(b)(2)(C) requires the district court where the action is pending to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, Global's May 17, 2021 production includes files containing sales reports, invoices and other documents with payment details from 2012 through 2018 that are relevant to the Amended Complaint's spreadsheets. All of these documents are directly responsive to RFP Nos. 2 through 7 from Swell's Fifth RFP, which seek the same documents Magistrate Judge Grand ordered Global to produce by March 17, 2021. Global's recent production should have been

produced long ago. Global provides no justification let alone a substantial one for failing to produce records it was ordered to produce and that Global relied upon to prepare the Amended Complaint's spreadsheets, including invoices, sales reports and documents with payment details and communications related to the same, at this stage of the proceedings. Accordingly, Swell is entitled to its reasonable attorney's fees and costs incurred for drafting and filing the present Motion to Compel and the Reply brief, as well as for oral argument taken on June 4, 2021.

### 2. Failure to Produce Rule 30(b)(6) Witness and Employee Witnesses

On March 5, 2021, Swell served Global with a Notice of Taking 30(b)(6) Deposition *Duces Tecum* for April 14, 2021. On March 26, 2021, Swell served Notices of Taking Depositions of Global's President Dale Hadel and Global's Account Representative, Paula Cicillian. However, Global did not produce a Rule 30(b)(6) witness on April 14, 2021. Cicillian and Hadel also failed to appear for their noticed depositions.

The Federal Rules of Civil Procedure obligate the district court where the action is pending to award, on motion, sanctions in the form of attorney's fees caused by a party's or a party's officer's, director's, or managing agent's failure to attend his or her own deposition, after proper notice, unless that failure is substantially justified, or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(d)(1)(A)(3). The Court "must require the party failing to

act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure[,]" unless substantial justification for the failure is demonstrated. *Id*.

Plaintiff has failed to demonstrate its failure to produce a corporate representative or its President was substantially justified. Substantial justification is not established on the ground that the discovery sought was objectional, unless the party failing to act has a pending motion for a protective order under Rule 26(c). Plaintiff never objected to producing these witnesses, nor moved for a protective order. Swell is entitled to its reasonable attorney's fees and costs incurred as a result of Global's failure to produce a corporate representative and its President for noticed depositions.

For all of these reasons, the Court grants Swell's Motion to Compel Production of Documents and for Attorney's Fees and Costs. In so doing, the Court declines to impose the most severe sanction – dismissal of Plaintiff's claims under Rule 37(d)(2)(A)(v) at this stage of the proceedings. However, the Court will admonish Plaintiff's counsel that additional failures to comply with the Federal Rules of Civil Procedure or this Court's orders will lead to the imposition of more severe sanctions up to and including dismissal of Plaintiff's claims.

B. **Global's Motion for Reconsideration**

In its present motion, Global requests that the Court reconsider its April 27, 2021 decision concluding Global's requests for production are disproportional and seek duplicative materials Global already has in its possession. Global argues the Court ignored the affidavit of Paula Cicilian wherein she explained that, even with the data from the e-supplier portals and NSI's Shipment History Reports, Global still did not have enough information to prepare the invoices for Swell. Global also requests that the Court reconsider its April 27, 2021 decision limiting the topics for the depositions of GM and FCA corporate representatives to "functional use" of the products, as well as the limitation that the depositions be taken by written questions.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668

(E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Global first argues this Court erred in concluding Global already had access to the relevant information, and thus its requests are disproportional and duplicative. Global maintains the information from the e-supplier portals is insufficient to confirm Global is being paid for all of the Products for which it is owed post-termination commissions under the SRA.

Global has not demonstrated a palpable defect with this Court's conclusions. In the Court's April 27, 2021 order, the Court relied on counsel's admissions that Global already possessed some of the information sought by the motion to compel and confirmed by Global's spreadsheets. The Court also relied on the fact Swell had produced 43,000 pages of responsive documents to Global's nine RFPs. The Court's failure to rely on the affidavit of Paula Cicilian, Global's Account Representative, was not a palpable defect. The affidavit was improperly filed with the reply brief, rather than the motion to compel. *See* Fed. R. Civ. P. 6(c)(2)("Any affidavit supporting a motion must be served with the motion.") In any event, the

Court did not find Cicilian's affidavit particularly helpful to the resolution of Global's Motion to Compel.

Global also requests that the Court reconsider its ruling regarding GM's and FCA's corporate representatives' depositions and permitted testimony topics. First, Global argues GM and FCA did not timely object to the subpoenas. Global also complains that no oral argument concerning depositions by written questions was heard. Finally, Global maintains depositions by written questions are more burdensome than questions by oral examination. Plaintiff asserts it will be prejudiced if it is not permitted to question these witnesses about payments made to Swell for shipments of nameplates, badges, and emblems, as well as the identification of the same.

Here, the record reflects that GM and FCA objected to the subpoenas. *See* ECF Nos. 82-1; 83-1. Global's complaint that the Court failed to hear oral argument on the issue of depositions by written questions does not show a palpable defect with this Court's decision. The Court's decision resolved Swell's Motion for Protective Order under Rule 26(c)(1), and this Court has the discretion to limit discovery under Rule 26(c)(1)(D). For all of these reasons, the Court denies Global's Motion for Reconsideration.

C. **Appointment of a Special Discovery Master**

The purpose of a special master is "to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957). To this end, Rule 53(a)(1)(C) authorizes appointment of a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). "[R]eference should be the exception and not the rule in juridical administration, the Court may, in its discretion, make appointment of a Master to assist in any of the incidents of a proceeding before it, whether civil or criminal, so long as there is no infringement upon the right of trial by jury or any prejudice to other substantive right." *First Iowa Hydro Electric Cooperative v. Iowa-Illinois Gas & Electric Co.*, 245 F.2d 613, 627 (8th Cir. 1957).

Appointment of a special discovery master has been approved in situations where one party's attorney is recalcitrant in obeying the rules of procedure. *See Shapiro v. Freeman*, 38 F.R.D. 308 (S.D.N.Y. Oct. 18, 1965) (appointing a special discovery master, based on the history of the discovery proceedings, to preside over all future depositions in order to prevent additional obstructive tactics, delay and "more needless burdens cast on this congested court."); *see also Glover v. Wells Fargo Home Mortg.*, 629 F. App'x 331 (3d Cir. 2015) (approving

appointment of special master concerning a pretrial matter that could not be timely and effectively addressed by the magistrate judge or district judge and "the record shows the parties' clear inability to promptly or effectively resolve their discovery disputes."); *see also Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 56-61 (N.D. Cal. Apr. 29, 1987)(noting numerous courts after *LaBuy* have approved the appointment of special masters where parties have failed to comply with court orders, displayed intransigence in the litigation, or required close supervision.). *Id.* (collecting cases).

Plaintiff maintains there are four outstanding issues in this matter including identification of Products that fall within Paragraph 4.3, and records related to Products falling within Paragraph 4.2, and the dollar amount of paid invoices for the Products at issue in this litigation. Global further indicates it is dissatisfied with Swell's responses to its Eighth and Ninth Requests for Discovery and may be filing a motion in the future. Finally, Global's request to depose Swell's Rule 30(b)(6) witnesses in China remains outstanding.

This more than two year old case has already engendered significant discovery related motion practice with at least four discovery disputes outstanding and more disputes likely to arise as discussed by Global in its brief concerning the appointment of a special master. The parties have shown an inability to efficiently and effectively work through their discovery disputes in this matter. Appointment

12

of a Special Master for the remaining discovery disputes and for any future discovery disputes is therefore warranted under Fed. R. Civ. P. 53(a)(1)(C). The costs shall be divided equally between the parties.

### III. CONCLUSION

Accordingly, for the reasons articulated above, Global's Motion for Reconsideration [#97] is DENIED.

Swell's Motion to Compel Production and for Attorney's Fees and Costs [#93] is GRANTED. Global shall supplement its responses to Swell's Fifth RFP Nos. 2-7 <u>no later than June 11, 2021</u>. Swell shall produce its billing statements and other proofs, along with a 3-page brief, in support of its reasonable attorney's fees and costs incurred as a result of (1) drafting and filing its present Motion to Compel Production of Documents, the Reply, and oral argument on June 4, 2021, and (2) preparing for, and attending, the properly noticed depositions of Global's corporate representative and its President <u>no later than June 11, 2021</u>. Global shall file a 3-page response <u>no later than June 18, 2021</u>. Swell may file a reply <u>no later than June 25, 2021</u>.

The Court will Appoint a Special Discovery Master for all outstanding and future discovery disputes between the parties.

The parties shall prepare a Joint Statement of Unresolved Issues <u>no later than June 11, 2021</u>.

A status conference will be held <u>on June 16, 2021 at 9:30 a.m.</u> to further discuss the responsibilities and parameters of the Special Master's Appointment.

Counsel for the parties SHALL contact Ed Pappas of Dickenson Wright to ascertain whether Mr. Pappas is available and willing to serve as a Special Discovery Master in this matter. The parties SHALL also obtain detail concerning the amount Mr. Pappas charges for serving in the capacity as a Special Discovery Master. Finally, counsel for the parties SHALL be prepared to discuss Mr. Pappas's availability, anticipated fees, and willingness to serve as a Special Discovery Master at the June 16, 2021 status conference.

SO ORDERED.

Dated: June 4, 2021
/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 4, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager